Manning, C. J.
This suit was instituted by the holder of a promissory note, secured by mortgage, to enforce its payment against the maker. The citation is addressed to the defendant and her husband, and was served by leaving it at their domicil, by delivering it to a person above fourteen years of age there residing, they being absent. The defendant pleads that a citation addressed to her and her husband is not a citation to the husband.
We do not perceive any indefiniteness in such a citation. The insertion of the name of her husband would not make it more definite. She could have but one, and service upon him would have been sufficient. It was served upon both. Gilmore’s case, 9 Annual, 197. Code Prac. 182.
A default was entered, and on same day an exception to the jurisdiction was filed. We must assume the default was taken before the filing of the exception. The judge would not have entered the default if an exception to his jurisdiction had been made, and that exception comes too late then, since it must be pleaded in limine litis. There was never any trial of it, and it is very vague in its terms.
At this stage of the case a petition was filed to remove it to the *89 'Circuit Court of the United States, on the ground that the plaintiff was a resident of Missouri and the defendant of Louisiana, and an order was made for its removal. The wife signed the bond, but her husband did not, and her signature without his authorization was nothing worth. There was therefore no bond, and the condition necessary to be performed to perfect the removal was never performed. No attempt was made to remove it. The suit remained in the State court, and it is of no consequence whether or not the clerk of the Circuit Court had authority to certify that the case had not been filed in his court. The fact was as he certified.
Notice was given the defendants that the default would be confirmed, and proof being submitted, it was confirmed, and judgment rendered in favour of the plaintiff for the amount of his note and interest, with recognition of his mortgage, and an order for its enforcement. No appearance was made by the defendants. They now urge that the mortgage is prescribed. If it is, it does not so appear, and would not matter if it did, so far as the mortgagor is concerned. The record does not shew when the mortgage was inscribed, and we cannot assume as a fact that which the defendants have neither attempted to prove, nor have proven.
The appeal is suspensive, and the plaintiff has prayed for damages, because it is frivolous. He is entitled to them.
It is ordered, adjudged, and decreed that the judgment is affirmed, and that the plaintiff recover of the defendants ten per centum upon the amount of the judgment of the lower court as damages for a frivolous appeal, and all costs.